24-3090-cv
*Castro v. NewRez LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-six.

PRESENT:
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges*,
> GARY S. KATZMANN,
> *Judge.*\*

---

MARIO E. CASTRO,

> *Plaintiff-Appellant*,

> v.                                                                 24-3090

NEWREZ LLC, DOING BUSINESS AS
SHELLPOINT MORTGAGE SERVICING,
EXPERIAN INFORMATION SOLUTIONS,
INC., TRANS UNION LLC, EQUIFAX

---

\* Judge Gary S. Katzmann, of the United States Court of International Trade, sitting by designation.

INFORMATION SERVICES LLC, THE BANK
OF NEW YORK MELLON, INC., REAL TIME
RESOLUTIONS, INC.,

*Defendants-Appellees.*[†]

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Mario E. Castro, pro se, Melville, NY. |
| **FOR NEWREZ LLC, AND THE BANK OF NEW YORK MELLON, INC.:** | Jordan M. Smith, Akerman LLP, New York, NY. |
| **FOR EXPERIAN INFORMATION SOLUTIONS, INC:** | Meir Feder, Jones Day, New York, NY. |
| **FOR TRANS UNION LLC:** | Camille R. Nicodemus, Quilling, Selander, Lownds, Winslett & Moser, P.C., Indianapolis, IN. |
| **FOR EQUIFAX INFORMATION SERVICES LLC:** | Eric F. Barton, Seyfarth Shaw, LLP, Atlanta, GA. |
| **FOR REAL TIME RESOLUTIONS, INC:** | No appearance. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

---

[†]     The Clerk of Court is respectfully directed to amend the caption accordingly.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

### I. Background

Plaintiff-Appellant Mario E. Castro sued credit reporting agencies ("CRA Defendants") and companies that had serviced his mortgage—NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), Bank of New York Mellon, Inc. ("BoNYM"), and Real Time Resolutions, Inc. ("RTR"). He asserted defamation claims and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, and the New York Uniform Commercial Code § 9-210. In short, Castro alleged that Defendants furnished and reported inaccurate information regarding his mortgage, that he was unable to access credit as a result, and that certain Defendants failed to provide requested accountings.

The District Court dismissed the action for lack of standing, though all Defendants also moved to dismiss for failure to state a claim. *See Castro v. NewRez LLC*, No. 22-cv-6340, 2024 WL 4242138, at *1, *5–6 (E.D.N.Y. Sep. 19, 2024). The District Court subsequently denied Castro's motion for reconsideration. Castro appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

3

## II.    Standard

Our review of a grant of a motion to dismiss is de novo, and we accept as true all factual allegations in the complaint and construe those allegations in Castro's favor.    *See Kellogg v. Nichols*, 170 F.4th 20, 24 (2d Cir. 2026) (per curiam); *Dubuisson v. Stonebridge Life Ins. Co.*, 887 F.3d 567, 573 (2d Cir. 2018).    Because Castro "has been *pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).    "We are free to affirm on any ground that finds support in the record, even if it was not the ground upon which the trial court relied."    *Beijing Neu Cloud Oriental Sys. Tech. Co. v. Int'l Bus. Machs. Corp.*, 110 F.4th 106, 113 (2d Cir. 2024) (quoting *Headley v. Tilghman*, 53 F.3d 472, 476 (2d Cir. 1995)).

## III.    FCRA

First, we affirm the dismissal of Castro's FCRA claims.    "[T]o ensure credit reports are accurate, the FCRA imposes certain duties on CRAs, users of consumer reports, and furnishers of information to CRAs . . . ."    *Sprague v. Salisbury Bank & Tr. Co.*, 969 F.3d 95, 98 (2d Cir. 2020).    These duties include requirements for accuracy and dispute resolution.    *See, e.g.,* 15 U.S.C. §§ 1681e(b), 1681i, 1681s-2(b).[1]    Castro's FCRA

---

[1]    Section 1681e(b) requires the CRA Defendants to "follow reasonable procedures to assure

claims are primarily premised on allegations that the CRA Defendants and Shellpoint reported and furnished information regarding Castro's non-payment of his mortgage and failed to correct that information after Castro disputed the reports.[2]

The District Court dismissed the FCRA claims for lack of standing, concluding that Castro's failure to pay his mortgage destroyed any causal connection between the alleged injury to his credit and the Defendants' conduct.   But Castro alleges as his central legal theory that a promissory note absolved him of the need to make payments.   In reaching its determination on standing then, the District Court necessarily weighed in on the merits of Castro's central legal theory.   *Contra Rosenthal ex rel. B.B. v. Hochul*, 166 F.4th 259, 277 (2d Cir. 2026) ("[A] plaintiff's standing does not depend on the eventual success of his legal theory.").   In our view, "this is a matter more properly viewed as going to the merits rather than to standing."   *See St. Pierre v. Dyer*, 208 F.3d 394, 403 (2d Cir. 2000).

---

maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).   Relatedly, § 1681i dictates that the CRA Defendants must investigate disputes as to the accuracy of reported information by adhering to certain procedures.   *See id.* § 1681i.   Similarly, § 1681s-2(b) requires that "furnishers" like Shellpoint investigate disputed information upon notice by consumers.   *See id.* § 1681s-2(b).

2      Castro also alleges that the CRA Defendants reported inconsistent information such as the date his mortgage was opened and the past due amount.   He says such inconsistencies show the reports' inaccuracy.   But Castro did not identify what information in the credit reports was inaccurate and therefore failed to plausibly allege any violation of the FCRA.   Moreover, Castro did not plausibly allege that those differences—rather than the furnished and reported failure to pay his mortgage—were the cause of his injuries; thus, he did not plead the traceability required to establish standing.   *See Chevron Corp. v. Donziger*, 833 F.3d 74, 121 (2d Cir. 2016).

Thus, we instead affirm on the basis of Castro's failure to state a plausible claim for relief. *See Beijing Neu Cloud*, 110 F.4th at 113.

Castro's FCRA claims are meritless. Castro alleged that he paid the full amount of his mortgage in 2006 because a promissory note "was accepted as collateral for the loan of credit in accords with" his reading of the Federal Reserve Act. *See* Suppl. App'x at 12. He does not allege that he made actual monetary payments on his mortgage, and he offers no viable legal basis for his insistence that "no balance is owed nor should be reported" by virtue of a promissory note. *See id.* There was thus no inaccuracy or correction required by the FCRA. *See, e.g.*, 15 U.S.C. §§ 1681e(b), 1681i, 1681s-2(b).[3]

Regardless of the merits of Castro's contention that the promissory note paid off his mortgage, "the FCRA does not require credit reporting agencies to adjudicate legal disputes," and thus "inaccuracies that turn on legal disputes are not cognizable under the FCRA." *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269–70 (2d Cir. 2023). To be actionable, an alleged inaccuracy must be capable of being tested against "objective verification." *Id.* at 269. Castro's claim that he paid his debt through a promissory note turns entirely on the disputed legal effect of such a note, and thus, is not actionable under

---

[3] To the extent Castro points to § 1681s-2(a)(3), the statute expressly "bars private rights of action to enforce Section 1681s-2(a)." *See Suluki v. Credit One Bank, NA*, 138 F.4th 709, 719 n.7 (2d Cir. 2025).

any provision identified.   *See id.* at 270 (affirming the dismissal of a claim under Section 1681e(b) because it relied on an "unresolved legal question"); *see also Suluki v. Credit One Bank, NA,* 138 F.4th 709, 720 (2d Cir. 2025) (noting that under Section 1681s-2(b), furnishers cannot be held liable "if a reasonable investigation would not have yielded a different result").

### IV.    Defamation

Second, Castro's defamation claims were also properly dismissed.   Under the FCRA, defamation claims "with respect to the reporting of information against any consumer reporting agency . . . or any person who furnishes information to a consumer reporting agency" are preempted "except as to false information furnished with malice or willful intent to injure such consumer."   15 U.S.C. § 1681h(e).   The amended complaint does not plausibly allege the required intent.   Additionally, because the amended complaint does not plausibly allege any inaccuracy, the defamation claims also fail on the merits.   *See Tannerite Sports, LLC v. NBCUniversal News Grp.,* 864 F.3d 236, 247 (2d Cir. 2017) (clarifying that "falsity . . . is an element of a New York defamation claim").

### V.    U.C.C.

Finally, the U.C.C. claim was properly dismissed.   Section 9-210 requires that, after a debtor makes a "[r]equest for an accounting," applicable creditors must send an

7

authenticated accounting within 14 days after receipt. *See* N.Y. U.C.C. Law §§ 9-210(a)(2), (b)(1). Under N.Y. U.C.C. Law § 9-625, a debtor may sue for damages for failure to comply with Section 9-210. *See id.* § 9-625(f). Castro alleged BoNYM, Shellpoint, and RTR violated the U.C.C. by failing to provide him with a requested accounting for his mortgage. However, the amended complaint does not identify any plausible injury resulting from that alleged failure. As alleged, Castro's injuries from his inability to access credit flow from the furnishing and reporting of his failure to pay his mortgage, not any failure to provide an accounting. Thus, Castro lacks standing to bring his U.C.C. claims. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) ("Article III grants federal courts the power to redress *harms* that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." (emphasis added)).

\* \* \*

8

We have considered Castro's remaining arguments and find them to be without merit.[4]   Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



---

[4]   Particularly, Castro's claim that the judgment was invalid because it was not signed by a judge is incorrect.   *See* Fed. R. Civ. P. 58(b).   And his arguments referencing due process and jurisdiction simply challenge the merits of the District Court's decision.

9